UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENDAE DIATEZ WEST,

    Petitioner,

Case No. 1:10-cv-1296

v.

HON. JANET T. NEFF

CARMEN PALMER,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (Dkt 1). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on November 19, 2012 recommending that this Court deny the petition (Dkt 33). On December 13, 2012, having received no objections, this Court adopted the Magistrate Judge's Report and Recommendation (Dkt 34). The following day, December 14, 2012, Petitioner filed his objections to the Report and Recommendation (Dkt 36). On January 14, 2013 Petitioner filed an unsigned motion to Alter or Amend the Judgment in which he asserted that he timely mailed the Objections on November 28, 2012 (Dkt 38). Petitioner has since submitted signed signature pages (Dkts 42, 43) in compliance with the Magistrate Judge's Conditional Orders (Dkts 40, 41).

Plaintiff's documents are deemed filed at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack,* 487 U.S. 266, 270 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing the "prison mailbox rule"). It appears Plaintiff's objections were timely filed under the prison mailbox rule, even though they were not received for docketing

until sixteen days later. This Court therefore vacates its December 13, 2012 final order and grants Plaintiff's motion (Dkt 38) to consider the merits of Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner raises essentially a single objection to the Magistrate Judge's Report and Recommendation. Petitioner objects that the Magistrate Judge did not consider either "Respondent's answer to the Petition for writ of habeas corpus" or "Petitioner's traverse to repondent's (sic) answer" (*id.* at 1-2). Petitioner claims that this prevented the Magistrate Judge from considering "key important facts" and rendered the Report and Recommendation "'Clearly Erroneous'" (*id.*).

Petitioner's argument is without merit. After thoroughly reviewing the record below, the Magistrate Judge properly concluded that the Michigan Court of Appeals' decision "is neither contrary to, nor involves an unreasonable application of, clearly established federal law," nor was it "based on an unreasonable determination of the facts in light of the evidence presented" (R & R, Dkt 33 at 26).

Petitioner has not presented any evidence that the Magistrate Judge improperly excluded anything from consideration. Though neither Respondent's Answer nor Petitioner's Traverse were cited in the Report and Recommendation, this is not necessarily evidence that they were "excluded from consideration." Moreover, Petitioner does not identify any of the "key important facts" that

2

allegedly render the Magistrate Judge's Report and Recommendation erroneous. While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), Petitioner wholly fails to supply the basis for his objection. The local rules of this Court require that the objecting party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and* the basis for such objections." W.D. Mich. LCivR 72.3(b) (emphasis added). Because Petitioner failed to identify what facts were allegedly ignored or how the Magistrate Judge might have erred in evaluating the trial court's decision or in applying the pertinent legal standards, the "objection" is denied as without merit.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Dated: March 25, 2013                    /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge